**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3779-23

SHERYL STEPHENSON,

     Petitioner-Appellant,

v.

DEPARTMENT OF HUMAN
SERVICES, DIVISION
OF FAMILY DEVELOPMENT,

     Respondent-Respondent.

_____

Submitted October 16, 2025 – Decided November 17, 2025

Before Judges Paganelli and Jacobs.

On appeal from the Department of Human Services, Division of Family Development, Case ID No. CS90040330A.

Sheryl Stephenson, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Francis X. Baker, Deputy Attorney General, on the brief).

PER CURIAM

Sheryl Stephenson appeals from the final agency decision of the Department of Human Services, Division of Family Development (Department), denying her contest to a child support satisfaction levy it placed on her bank account. Because Stephenson fails to establish the Department's decision was arbitrary, capricious, or unreasonable, we affirm.

We glean the facts and procedural history from the record. The Department served a Notice of Levy "for payment of past due child support" upon Stephenson's bank. Stephenson was provided notice and advised that she could contest the levy. She filed a contest or dispute of the seizure. She asserted that she was "never . . . charged with . . . abuse or misconduct" of her children and had been the "primary caretaker for [her] children" until about two years prior. Stephenson contended the Family Part judge made "clerical error[s,]" including "mistakenly recording" her salary and miscalculating her child support arrears. Stephenson stated she experienced "reduced work hours . . . and subsequent layoff" and was collecting unemployment benefits. Stephenson claimed she was experiencing "financial hardship." Further, she explained she recently appeared at a Family Part hearing regarding the alleged "clerical errors" and was "waiting on the [j]udge's order for . . . recalculation[] and for child support to be modified."

2

In response, the Department sent Stephenson a "Request for Additional Information." The Department asked Stephenson for her "past three . . . months of bank account statements along with proof of the origin of each deposit, including ATM deposits." In addition, the Department requested she:

> 1. Provide the last three months of bank statements (including proof of ALL deposits) and letter stating the amount of levied funds. 2. Provide past due utility notices, late rent statement or late mortgage payment. 3. Provide proof a motion was filed if you are unable to meet your obligation. All requested information is due BEFORE [a date certain].

Because Stephenson "failed to provide [the] additional information as requested," the Department denied her contest. On appeal, Stephenson's contentions focus on the Family Part's calculation of her child support obligation. She raises issues regarding: (1) the children's addresses; (2) the father's income; (3) errors in the calculation of her child support obligation; (4) the children being of the ages where they can work and contribute to the household; (5) the number of overnights at the father's residence; and (6) the father's claim of the children on his tax returns contrary to their agreement. Stephenson seeks our review of the Family Part judge's "clerical error." In addition, she requests our "assistance in investigating and addressing" the "delay in [the] issu[ance of] the updated [Family Part o]rder." Further, she claims to

3

"have been receiving unemployment benefits as [her] sole source of income" and is suffering "severe financial hardship."

"The scope of [our] review is limited." In re Herrmann, 192 N.J. 19, 27 (2007). Therefore, "[a]n administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 27-28. We consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Id. at 28 (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

"When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." Ibid. "The party challenging the administrative action bears the burden of demonstrating the agency has not made that showing." In re Young, 471 N.J. Super. 169, 177 (App. Div. 2022) (citing Lavezzi v. State, 219 N.J. 163, 171 (2014)).

4

Under the New Jersey Child Support Improvement Act (SIA), N.J.S.A. 2A:17-56.53 and -56.57, "the [D]epartment is authorized to take . . . actions relating to the . . . enforcement of support orders, without the necessity of obtaining an order from the court." N.J.S.A. 2A:17-56.53. The SIA permits the Department to "[s]ecure assets to satisfy [child support] arrearages by . . . attaching and seizing assets of the obligor held in financial institutions located in this State." N.J.S.A. 2A:17-56.53(g)(2). See also Spuler v. Dep't of Hum. Servs., 340 N.J. Super. 549, 550 (App. Div. 2001).

The Department may "electronically transmit[] to the [obligor's] bank a [n]otice of [l]evy on [an] account, freezing access to the funds up to the amount of child support owed, and directing the bank to remit the funds to the New Jersey Family Support Payment Center." Spuler, 340 N.J. Super. at 551. "[T]he obligor is mailed a [n]otice of [l]evy which provides instructions on how to contest the agency's action." Ibid.

> (1) The accountholder [may] . . . request an administrative contest review for limited circumstances as follows:
>
> (A) Mistaken identity;
>
> (B) Incorrect arrearage amount;
>
> (C) Bankruptcy status;

5

(D) Joint account issues;

(E) Because litigation of support has been filed and is pending resolution in the appropriate court of jurisdiction; or

(F) Extreme hardship.

[N.J.A.C. 10:110-15.2(a)(4)(iii).]

Here, the Department followed the law and the procedures. In an effort to consider Stephenson's contest—seemingly related to a wrong arrearage amount; the purported motion; and financial hardship—it requested additional information. Stephenson failed to provide the information. Under these circumstances, the Department's decision to deny the contest was not arbitrary, capricious, or unreasonable.

To the extent we have not specifically addressed any of Stephenson's other arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division